No. 20,281.

ROBERT R. FISHER, ET AL., *v.* CARL H. PETERSON.
(381 P. [2d] 29)

Decided April 29, 1963.

Mr. PAUL SNYDER, for plaintiffs in error.

Messrs. BARTHOLIC and BARTHOLIC, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE plaintiffs in error and defendant in error are owners of tracts of land in Douglas County, Colorado, which have a common boundary. The controversy which the trial court was called upon to determine involved the location of the true boundary.

It was the contention of plaintiffs in error that a fence, which admittedly was not located on the section line, had been recognized and acquiesced in for more

than twenty years as the actual line separating the real estate of the parties. C.R.S. '53, 118-11-1 to 12, contains the procedures established by statute for determination of disputed boundaries. 118-11-9 makes the following provision:

"Corners and boundaries established. — The corners and boundaries finally established by the court in such proceedings, or an appeal therefrom, shall be binding upon all the parties, their heirs, and assigns, as the corners and boundaries which have been lost, destroyed, or in dispute; but if it is found that the boundaries and corners alleged to have been recognized and acquiesced in for twenty years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established."

Under the provisions of the above-quoted statute plaintiffs in error assert that they are entitled to have the line established in conformity with the location of the fence.

The trial court determined that the fence in question, although in existence since 1910, was not established to mark the boundary between the properties of the parties; that the true boundary was the section line between sections 9 and 10 as established by the survey of one Curtis; and that the fence in question had not been acquiesced in by the parties as the boundary line but was merely a "barrier."

We have read the record to determine whether the above findings of the trial court are supported by the evidence, and have no hesitancy in saying that there is ample support for the conclusion of the trial court upon the facts as indicated by said findings.

The judgment of the trial court accordingly is affirmed.

Mr. Chief Justice Frantz and Mr. Justice Pringle concur.